In the Matter of the **ESTATE** of Henry W. **HALLETT**, Deceased.

Court of Chancery of Delaware, New Castle.

Aug. 24, 1972.

W. Reese Hitchens, of Morris, James, Hitchens & Williams, Wilmington, for Wilmington Trust Co., administrator c. t. a. of the estate of Henry W. Hallett.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, for Virginia Hallett Stevens, sole next of kin of the decedent Henry W. Hallett.

Clement C. Wood, of Allmond & Wood, Wilmington, for Mary Jean King and Ray A. Meitzler, named beneficiaries.

Thomas Herlihy, Jr., of Herlihy & Herlihy, and Morris Cohen, of Cohen & Cohen, Wilmington, for Edward Q. Reinhart, a named beneficiary.

Richard S. McCann, Newark, for Ellis E. Ford, a named beneficiary.

MARVEL, Vice Chancellor:

Virginia Hallett Stevens appeals from a ruling of the Register of Wills which admitted to probate the purported will of her brother Henry W. Hallett. As the sister of the decedent and his sole next of kin such appellant would be entitled to succeed to her brother's entire estate under the in-

testate laws of Delaware should his purported will be held invalid. Accordingly, she seeks in this Court a reversal of the order of the Register of Wills of New Castle County which directed that the putative will of Henry W. Hallett, dated September 21, 1964, be admitted to probate.

The Register, while finding that the will in question had been properly executed and witnessed by a person of legal age and of sound and disposing mind, also found that he was without jurisdiction to decide whether or not certain penned changes in the typewritten document in question, some of which were dated and others not, were to be considered as part of the decedent's will as well as whether or not a named beneficiary under the purported will was disqualified to take thereunder by reason of the fact she had witnessed the document in question.

The record establishes, in my opinion, that none of the three attesting witnesses to the purported will of Henry W. Hallett, two of whom were nearby neighbors and the other a close personal friend, witnessed the execution of such document by him. In fact, the Register of Wills found that each of said signers affixed his or her signature to the document under attack separately after Mr. Hallett had executed it at an earlier time although it is established on the record, and the Register so found, that each such act of witnessing and signing was done in the presence of the decedent. I am also satisfied that two of the witnesses here involved, namely Mrs. Seeherman and Mr. Ellison, qualify as credible witnesses and that therefore it is unnecessary to grapple with the inconsistencies in the testimony of Miss King. In other words, I find the testimony of such required two witnesses concerning their witnessing of an executed will to be credible and that of Miss King to the effect that such two witnesses attested to an unsigned will incredible.

■ On appeal from an order of the Register of Wills this Court must weigh and evaluate the evidence introduced before the Register in order to determine whether or not it supports such officer's findings. Here I am satisfied that the evidence so weighed and evaluated does so, Nardo v. Nardo, 8 Storey 400, 209 A.2d 905.

■ At the time of the execution of what purports to be the Hallett will the decedent was in his mid-fifties. No attack has been made on his competence. Therefore it is presumed that he was at the time in question of sound and disposing mind and capable of making a will, Lodge v. Lodge's Will, 2 Houston 418.

Next, 12 Del.C. § 102 provides:

"Every will, whether of personal or real estate, must be in writing and signed by the testator, or by some person subscribing the testator's name in his presence and by his express direction, and attested and subscribed in his presence by two or more credible witnesses, or it shall be void."

■ And while the better practice is to have attesting witnesses observe the recited formalities set forth in the document in issue, namely that a will has been witnessed not only in the presence of the testator but also in the presence of the other witnesses, a will to be valid need not be signed in the presence of witnesses, Sutton v. Sutton, 5 Harr. 459, and Lodge v. Lodge's Will, supra.[1] See also In re Kemp's Will, 7 W. W.Harr. 514, 186 A. 890. It is likewise clear that there is no requirement in Delaware that the witnesses perform their function as such in the presence of each other.

■ Furthermore, witnesses of a purported will need not have knowledge of the nature of the document which they have been asked to witness, Lodge v. Lodge's

---

[1]. "A last will and testament to be valid, (except a nuncupative will,) must be in writing and signed by the testator . . . and attested and subscribed in the testator's presence by two or more credible witnesses. Signing therefore by the testator is made by our statute, essential to the validity of a will—but it is not necessary that the attesting witnesses should see him sign it."

Will, supra, although it is clear in the case at bar that the witnesses to the testamentary document under attack were apprised of the fact that they were being asked to witness Mr. Hallett's purported will.

 The sole next of kin, Virginia Hallett Stevens, has moved for the entry of summary judgment reversing the order of the Register of Wills which had admitted the document here in issue to probate. In light of the undisputed facts concerning the execution of the Hallett will and its witnessing by Mrs. Seeherman and Mr. Ellison, I consider such motion appropriate. However, in view of the applicable Delaware law, I am satisfied that such will was properly executed and witnessed and so properly admitted to probate, which is, as I see is, the sole issue now ripe for decision, questions involving cancellation and dependent relative revocation not being before me on the present record. Accordingly, the pending motion for summary judgment of reversal of the Register's order is denied subject to the taking of appropriate proceedings to determine what parts of the Hallett will have been cancelled or otherwise affected by handwritten changes.

Order on notice.